UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GIUFFRE HYUNDAI LTD., et al.,

Plaintiffs,

v.

MAIDEN SPECIALTY INSURANCE
COMPANY and MOTORS INSURANCE
CORPORATION,

Defendants.

13 Civ. 1777 (RA)

ECF Case

## DEFENDANT MOTORS INSURANCE CORPORATION'S ANSWER TO THE FIRST AMENDED COMPLAINT

Defendant Motors Insurance Corporation ("MIC"), by its attorneys, Mayer Brown LLP

("Mayer Brown"), for its Answer to the First Amended Complaint filed by Giuffre Hyundai Ltd.,

Giuffre Motor Car Co. LLC dba Giuffre Kia, Giuffre AutoGroup LLC dba Giuffre Mazda,

Giuffre Automotive Inc. dba Giuffre Chrysler Jeep Dodge & Ram, and Giuffre Italian Cars Inc.

dba Giuffre Fiat (collectively, "Giuffre" or "Plaintiffs"), dated January 23, 2014, (the "Amended

Complaint") states as follows:

### NATURE OF THE ACTION

1.       Paragraph 1 of the Amended Complaint contains a statement as to the nature of

the action to which no response is required.  To the extent a response is required, MIC admits

that it provided insurance coverage to Giuffre Hyundai Ltd and Giuffre Motor Car Co. LLC

under a Motors Inventory Coverage Policy, Policy No. PMINT5000845, effective May 9, 2012

to May 9, 2013 (the "Policy"), and based on information and belief Giuffre was paid a total of

$8,820,595.00 pursuant to the Policy and relevant endorsements for a claim that is the subject of

this action.  MIC notes that pursuant to a General Agency Agreement, and any related

agreements or addendums, between Maiden (formerly known as Integon Specialty Insurance Company) and MIC and GMAC Risk Services, Inc. (the "General Agency Agreement"), MIC (under the trade name "Ally Insurance") handled Giuffre's claim under the Policy.

2.      Paragraph 2 of the Amended Complaint contains legal conclusions that do not require a response.  To the extent a response is required, MIC denies the allegations contained in this paragraph.

## JURISDICTION AND VENUE

3.      Paragraph 3 of the Amended Complaint contains legal conclusions that do not require a response.  To the extent a response is required, MIC admits that this purports to be an action for damages (and other relief) in excess of $75,000, but MIC denies that Plaintiffs are entitled to recover any damages from MIC.

4.      Paragraph 4 of the Amended Complaint does not relate to MIC and contains legal conclusions that do not require a response.

5.      Paragraph 5 of the Amended Complaint does not relate to MIC and contains legal conclusions that do not require a response.

6.      Paragraph 6 of the Amended Complaint does not relate to MIC and contains legal conclusions that do not require a response.

7.      Paragraph 7 of the Amended Complaint contains legal conclusions that do not require a response.  To the extent a response is required, MIC admits that this Court has personal jurisdiction over MIC and that venue is proper.

8.      Paragraph 8 of the Amended Complaint contains legal conclusions that do not require a response.  To the extent a response is required, MIC admits that this Court has personal jurisdiction over MIC and that venue is proper.

## PARTIES

9.      MIC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Amended Complaint.

10.      MIC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended Complaint.

11.      MIC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint.

12.      MIC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint.

13.      MIC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended Complaint.

14.      MIC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Complaint.

15.      MIC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint.

16.      MIC admits that the Policy issued to Giuffre Hyundai Ltd. and Giuffre Motor Car Co. LLC, was on Maiden's paper, but denies the remaining allegations contained in Paragraph 16 of the Amended Complaint.

17.      MIC admits the allegations contained in Paragraph 17 of the Amended Complaint. MIC respectfully refers to the Policy for all of its terms, conditions, limitations, exclusions and endorsements.

18.      MIC admits that the Policy covered certain automobiles, but denies the remaining allegations contained in Paragraph 18 of the Amended Complaint.  MIC respectfully refers to the

Policy for all of its terms, conditions, limitations, exclusions and endorsements.

19.     MIC admits that it is an insurance company incorporated in Michigan that, among other things, underwrites commercial property risks, with a mailing address and principal place of business at 300 Galleria Officentre, Suite 200, Southfield, Michigan, 48034.  MIC admits that it is licensed and conducts business in all 51 United States jurisdictions and Canada.  MIC denies the remaining allegations contained in Paragraph 19 of the Amended Complaint.

20.     Paragraph 20 of the Amended Complaint contains legal conclusions that do not require a response.  To the extent a response is required, MIC admits that pursuant to the General Agency Agreement, MIC underwrote the Policy.

21.     Paragraph 21 of the Amended Complaint contains legal conclusions that do not require a response.  To the extent a response is required, MIC admits that pursuant to the General Agency Agreement, MIC handled Giuffre's claim under the Policy.

22.     Paragraph 22 of the Amended Complaint contains legal conclusions that do not require a response.  To the extent a response is required, MIC denies the allegations contained in Paragraph 22 of the Amended Complaint.

## FACTUAL ALLEGATIONS

The Storm

23.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 23 of the Amended Complaint.

24.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 24 of the Amended Complaint.

25.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 25 of the Amended Complaint.

26.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 26 of the Amended Complaint.

27.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 27 of the Amended Complaint.

28.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 28 of the Amended Complaint.

29.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 29 of the Amended Complaint.

30.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 30 of the Amended Complaint.

31.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 31 of the Amended Complaint.

32.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 32 of the Amended Complaint.

33.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 33 of the Amended Complaint.

34.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 34 of the Amended Complaint.

35.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 35 of the Amended Complaint.

36.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 36 of the Amended Complaint.

37.     MIC denies knowledge or information sufficient to form a belief as to the truth or

accuracy of the allegations in Paragraph 37 of the Amended Complaint.

38.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 38 of the Amended Complaint.

39.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 39 of the Amended Complaint.

40.     MIC denies the allegations contained in Paragraph 40 of the Amended Complaint.

<u>The Policy</u>

41.     MIC admits that the Policy is comprised of a Declarations page and endorsements, but denies the remaining allegations contained in Paragraph 41 of the Amended Complaint because the allegations do not identify, among other things, all relevant endorsements to the Policy, including the Flood Deductible Endorsement.  MIC respectfully refers to the Policy for all of its terms, conditions, limitations, exclusions and endorsements.

42.     MIC denies the allegations contained in Paragraph 42 of the Amended Complaint. MIC respectfully refers to the Policy for all of its terms, conditions, limitations, exclusions and endorsements.

43.     MIC admits that the Policy provides certain defined coverages, but denies the remaining allegations contained in Paragraph 43 of the Amended Complaint because the exact coverages are not alleged.  MIC respectfully refers to the Policy for all of its terms, conditions, limitations, exclusions and endorsements.

44.     MIC admits that the Policy and its endorsements provide for certain deductibles, but denies the remaining allegations contained in Paragraph 44 of the Amended Complaint because the Amended Complaint does not, among other things, refer to the Flood Deductible Endorsement.  MIC respectfully refers to the Policy for all of its terms, conditions, limitations,

exclusions and endorsements.

45.     MIC admits that the Policy and its endorsements provide for certain deductibles, but denies the remaining allegations contained in Paragraph 45 of the Amended Complaint because the Amended Complaint does not, among other things, refer to the Flood Deductible Endorsement.  MIC respectfully refers to the Policy for all of its terms, conditions, limitations, exclusions and endorsements.

46.     MIC admits that there are certain endorsements to the Policy, including a Flood Deductible Endorsement, but MIC denies the remaining allegations contained in Paragraph 46 of the Amended Complaint because the Amended Complaint does not identify the endorsement to which the allegations refer.  MIC respectfully refers to the Policy for all of its terms, conditions, limitations, exclusions and endorsements.

47.     MIC admits the allegations contained in Paragraph 47 of the Amended Complaint. MIC respectfully refers to the Policy for all of its terms, conditions, limitations, exclusions and endorsements.

48.     MIC admits that the Policy provides a definition for "Covered Auto," but denies the remaining allegations contained in Paragraph 48 of the Amended Complaint because the allegations do not quote the entire definition.  MIC respectfully refers to the Policy for all of its terms, conditions, limitations, exclusions and endorsements.

49.     MIC admits the allegations contained in Paragraph 49 of the Amended Complaint. MIC respectfully refers to the Policy for all of its terms, conditions, limitations, exclusions and endorsements.

50.     MIC admits that the Policy provides a definition for "Weather Loss," but denies the remaining allegations contained in Paragraph 50 of the Amended Complaint because the

allegations do not quote the entire definition or the Flood Deductible Endorsement. MIC respectfully refers to the Policy for all of its terms, conditions, limitations, exclusions and endorsements.

51.     MIC admits that the Policy provide a definition for "Wholesale Value," but denies the remaining allegations contained in Paragraph 51 of the Amended Complaint because the allegations do not quote the entire definition. MIC respectfully refers to the Policy for all of its terms, conditions, limitations, exclusions and endorsements.

52.     MIC admits that the Policy provides certain defined coverages, but denies the remaining allegations contained in Paragraph 52 of the Amended Complaint because the exact coverages are not alleged. MIC respectfully refers to the Policy for all of its terms, conditions, limitations, exclusions and endorsements.

53.     MIC admits that the Policy provides coverage for certain defined losses, but denies the remaining allegations contained in Paragraph 53 of the Amended Complaint because the exact coverages are not alleged. MIC respectfully refers to the Policy for all of its terms, conditions, limitations, exclusions and endorsements.

54.     MIC admits that the Policy provides coverage for certain defined losses, but denies the remaining allegations contained in Paragraph 54 of the Amended Complaint because the exact coverages are not alleged. MIC respectfully refers to the Policy for all of its terms, conditions, limitations, exclusions and endorsements.

55.     MIC admits that the Policy and its endorsements provide for certain deductions, but denies the remaining allegations contained in Paragraph 55 of the Amended Complaint because the relevant deduction, namely the Flood Deductible Endorsement, is not alleged. MIC respectfully refers to the Policy for all of its terms, conditions, limitations, exclusions and

endorsements.

56.     MIC admits that an endorsement lists a schedule of loss payees assigned to the

Policy, but denies the remaining allegations contained in Paragraph 56 because the endorsement

is not accurately summarized.  MIC respectfully refers to the Policy for all of its terms,

conditions, limitations, exclusions and endorsements.

57.     MIC admits that an endorsement lists a schedule of loss payees assigned to the

Policy, namely Ally Bank/Ally Financial, Kia Motor Finance Co, Hyundai Capital America, and

Mitsubishi Motors Credit of America, but denies the remaining allegations contained in

Paragraph 57 because the endorsement is not accurately summarized.  MIC respectfully refers to

the Policy for all of its terms, conditions, limitations, exclusions and endorsements.

58.     MIC admits that each endorsement to the Policy states at the top of the

endorsement in bold, "**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ**

**IT CAREFULLY**" (emphasis in original), and also fully discloses that the endorsement changes

the Policy as of the inception date of the Policy unless otherwise indicated, but denies the

remaining allegations contained in Paragraph 58 of the Amended Complaint because the

endorsements are not accurately summarized.  MIC respectfully refers to the Policy for all of its

terms, conditions, limitations, exclusions and endorsements.

59.     MIC admits that each endorsement to the Policy states at the top of the

endorsement in bold, "**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ**

**IT CAREFULLY**" (emphasis in original), and also fully discloses that the endorsement changes

the policy as of the inception date of the Policy unless otherwise indicated, but denies the

remaining allegations contained in Paragraph 59 of the Amended Complaint because the

endorsements are not accurately summarized.  MIC respectfully refers to the Policy for all of its

terms, conditions, limitations, exclusions and endorsements.

60. MIC denies the allegations contained in Paragraph 60 of the Amended Complaint because the endorsements are not accurately summarized and the Amended Complaint fails to mention the Flood Deductible Endorsement which provides for a weather flood loss deductible of $2,500 per covered auto at the 29th & 2nd Avenue, Brooklyn, NY 11209 location. MIC respectfully refers to the Policy for all of its terms, conditions, limitations, exclusions and endorsements.

61. MIC denies the allegations contained in Paragraph 61 of the Amended Complaint because the endorsements are not accurately summarized. MIC respectfully refers to the Policy for all of its terms, conditions, limitations, exclusions and endorsements.

62. MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 62 of the Amended Complaint.

63. MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 63 of the Amended Complaint.

<u>The Claim</u>

64. MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 64 of the Amended Complaint.

65. MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 65 of the Amended Complaint. MIC notes that pursuant to the General Agency Agreement, MIC handled Giuffre's claim under the Policy.

66. MIC denies the allegations contained in Paragraph 66 of the Amended Complaint, because based on information and belief the deductible was correctly applied pursuant to the Policy and Flood Deductible Endorsement. MIC notes that pursuant to the General Agency

Agreement, MIC handled Giuffre's claim under the Policy.

67.    MIC denies the allegations contained in Paragraph 67 of the Amended Complaint, because based on information and belief the deductible was correctly applied pursuant to the Policy and Flood Deductible Endorsement.  MIC notes that pursuant to the General Agency Agreement, MIC handled Giuffre's claim under the Policy.

68.    MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 68 of the Amended Complaint.  MIC notes that pursuant to the General Agency Agreement, MIC handled Giuffre's claim under the Policy.

69.    MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 69 of the Amended Complaint.  MIC notes that pursuant to the General Agency Agreement, MIC handled Giuffre's claim under the Policy.

70.    MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 70 of the Amended Complaint.  MIC notes that pursuant to the General Agency Agreement, MIC handled Giuffre's claim under the Policy.

71.    MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 71 of the Amended Complaint.  MIC notes that pursuant to the General Agency Agreement, MIC handled Giuffre's claim under the Policy.

72.    MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 72 of the Amended Complaint.  MIC notes that pursuant to the General Agency Agreement, MIC handled Giuffre's claim under the Policy.

73.    MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 73 of the Amended Complaint.  MIC notes that pursuant to the General Agency Agreement, MIC handled Giuffre's claim under the Policy.

74.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 74 of the Amended Complaint.  MIC notes that pursuant to the General Agency Agreement, MIC handled Giuffre's claim under the Policy.

75.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 75 of the Amended Complaint.  MIC notes that pursuant to the General Agency Agreement, MIC handled Giuffre's claim under the Policy.

76.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 76 of the Amended Complaint.  MIC notes that pursuant to the General Agency Agreement, MIC handled Giuffre's claim under the Policy.

77.     MIC admits the allegations in Paragraph 77 of the Amended Complaint.  MIC notes that pursuant to the General Agency Agreement, MIC handled Giuffre's claim under the Policy.

78.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 78 of the Amended Complaint.  MIC notes that pursuant to the General Agency Agreement, MIC handled Giuffre's claim under the Policy.

79.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 79 of the Amended Complaint.  MIC notes that pursuant to the General Agency Agreement, MIC handled Giuffre's claim under the Policy.

80.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 80 of the Amended Complaint.  MIC notes that pursuant to the General Agency Agreement, MIC handled Giuffre's claim under the Policy.

81.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 81 of the Amended Complaint.  MIC notes that pursuant

to the General Agency Agreement, MIC handled Giuffre's claim under the Policy.

82.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 82 of the Amended Complaint.  MIC notes that pursuant to the General Agency Agreement, MIC handled Giuffre's claim under the Policy.

83.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 83 of the Amended Complaint.  MIC notes that pursuant to the General Agency Agreement, MIC handled Giuffre's claim under the Policy.

84.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 84 of the Amended Complaint.  MIC notes that pursuant to the General Agency Agreement, MIC handled Giuffre's claim under the Policy.

85.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 85 of the Amended Complaint.  MIC notes that pursuant to the General Agency Agreement, MIC handled Giuffre's claim under the Policy.

86.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 86 of the Amended Complaint.  MIC notes that pursuant to the General Agency Agreement, MIC handled Giuffre's claim under the Policy.

87.     MIC denies the allegations contained in Paragraph 87 of the Amended Complaint.

88.     MIC denies the allegations contained in Paragraph 88 of the Amended Complaint. MIC notes that pursuant to the General Agency Agreement, MIC underwrote the Policy and handled Giuffre's claim under the Policy.

89.     Paragraph 89 of the Amended Complaint contains sections of briefs filed in this action to which no response is required. MIC notes that pursuant to the General Agency Agreement, MIC underwrote the Policy and handled Giuffre's claim under the Policy.

Consequential Damages

90.     MIC denies the allegation that Maiden has refused to honor its obligations under the Policy, and denies knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 90 of the Amended Complaint.  MIC notes that pursuant to the General Agency Agreement, MIC handled Giuffre's claim under the Policy.

91.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 91 of the Amended Complaint.

92.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 92 of the Amended Complaint.

93.     MIC denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 93 of the Amended Complaint.

94.     MIC denies the allegations contained in Paragraph 94 of the Amended Complaint.

Legal Fees

95.     MIC denies the allegations contained in Paragraph 95 of the Amended Complaint.

## FIRST COUNT

### Breach of Contract

96 – 102.   The allegations in Paragraphs 96 – 102  are not directed at MIC, and therefore no response is required.

## SECOND COUNT

### Declaratory Judgment

103 – 108.   The allegations in Paragraphs 103 – 108  are not directed at MIC, and therefore no response is required.

### THIRD COUNT

**Breach of Duty of Good Faith and Fair Dealing**

109 – 115.  The allegations in Paragraphs 109 – 115  are not directed at MIC, and therefore no response is required.

### FOURTH COUNT

**Negligent Writing of the Policy**

116.    MIC repeats and realleges each and every response in Paragraphs 1 through 115 above as if fully set forth herein, except admits that Paragraph 116 of the Amended Complaint purports to repeat and reallege the allegations set forth above in Paragraphs 1 through 115 of the Amended Complaint.

117.    MIC denies the allegations contained in Paragraph 117 of the Amended Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

118.    MIC denies the allegations contained in Paragraph 118 of the Amended Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

119.    MIC denies the allegations contained in Paragraph 119 of the Amended Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

120.    MIC denies the allegations contained in Paragraph 120 of the Amended Complaint, except to the extent the allegations constitute legal conclusions to which no response is required.

121.    MIC denies the allegations contained in Paragraph 121 of the Amended
Complaint, except to the extent the allegations constitute legal conclusions to which no response
is required.

122.    MIC denies the allegations contained in Paragraph 122 of the Amended
Complaint, except to the extent the allegations constitute legal conclusions to which no response
is required.

123.    MIC denies the allegations contained in Paragraph 123 of the Amended
Complaint, except to the extent the allegations constitute legal conclusions to which no response
is required.

## FIFTH COUNT

### For Tortious Interference with a Contract

124.    MIC repeats and realleges each and every response in Paragraphs 1 through 123
above as if fully set forth herein, except admits that Paragraph 124 of the Amended Complaint
purports to repeat and reallege the allegations set forth above in Paragraphs 1 through 123 of the
Amended Complaint.

125.    MIC denies the allegations contained in Paragraph 125 of the Amended
Complaint, except to the extent the allegations constitute legal conclusions to which no response
is required.

126.    MIC denies the allegations contained in Paragraph 126 of the Amended
Complaint, except to the extent the allegations constitute legal conclusions to which no response
is required.

127.    MIC denies the allegations contained in Paragraph 127 of the Amended
Complaint, except to the extent the allegations constitute legal conclusions to which no response

is required.

128.     MIC denies the allegations contained in Paragraph 128 of the Amended

Complaint, except to the extent the allegations constitute legal conclusions to which no response

is required.

## GENERAL DENIAL

With respect to the Amended Complaint in its entirety, MIC denies that it engaged in any

wrongful or improper conduct.  Except as expressly admitted above, all factual allegations

directed to MIC are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims fail because the deductible was properly applied pursuant to the Flood

Deductible Endorsement.  The Flood Deductible Endorsement provides as follows:

It is hereby understood and agreed that the following is added to Part I, Definitions:

U.     **Flood** means:
   1.     surface water, waves, tides, tidal waves, overflow of any body of water, or
          their spray, all whether driven by wind or not; or
   2.     water that backs up or overflows from a sewer, drain or sump.

The following is added to Part II, C. Limits of Insurance:
6.     **Flood**.  The most we will pay for **loss** to **covered autos** caused by, or resulting
       from, **flood** is the Limit of Insurance shown in the Declarations and subject to the
       maximum limit per vehicle of $200,000.

       A special **weather flood loss** deductible of $2,500 per **covered auto** applies to
       each **covered auto** involves in a **loss**. No Comprehensive Per Loss Aggregate
       Deductible is applicable to **loss** due to **flood** at the following locations:

| Loc# | Address |
|------|---------|
| 2 | 29TH & 2ND AVENUE BROOKLYN, NY 11209 |

At the top of the Flood Deductible Endorsement, in bold letters it states "**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**" (emphasis in original).  The Flood Deductible Endorsement further stats, "[t]his endorsement changes the policy on the inception date of the policy show in the Declarations unless another date is indicated."  This endorsement does not indicate another date.

**Third Affirmative Defense**

Plaintiffs' claims fail because Plaintiffs expressly agreed that no aggregate flood deductible applies at 29th St. and 2nd Avenue, Brooklyn, NY, by acceptance of Maiden's renewal quote in May 2012.  Maiden's renewal quote which was subsequently bound clearly states that "**NO AGGREGATE FLOOD DEDUCTIBLE APPLIES AT 29TH ST. & 2ND AVE, BROOKLYN, NY**" (emphasis in original).

**Fourth Affirmative Defense**

Plaintiffs' claims fail because the deductions were properly applied.  The Policy definition of "**Wholesale Value**" for a "**new covered auto** or **new demonstrator**" expressly states, in relevant part, that "Finance and insurance charges, advertising expenses, and any model changeover credit are excluded from **wholesale value**."   There is no requirement that these charges must be on the dealer invoice as a condition precedent to the deduction of those charges.

**Fifth Affirmative Defense**

Plaintiffs' claims fail because the Certificate of Insurance does not change the express terms of the Policy and Endorsements.  The Certificate of Insurance provides:

> **THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER.  THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND,**

**EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.  THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.**

Further, the Certificate of Insurance refers to the Policy as well as insurance policies issued by insurance carriers other than Maiden.

### Sixth Affirmative Defense

Plaintiffs' claims fail because any alleged endorsement that lists the Loss Payees or Loss Payable clause does not change, amend or void the Flood Deductible Endorsement.  In any event, the Loss Payees are not a party to the Policy.

### Seventh Affirmative Defense

Some or all of Plaintiffs' claims are barred to the extent that they are subject to the doctrines of laches, waiver, estoppels, or unclean hands.

### Eighth Affirmative Defense

Plaintiffs are barred, in whole or in part, to the extent that the damages sought exceed those permitted under common law, or any other applicable statute, rule or regulation.

### Ninth Affirmative Defense

If it is determined that the Flood Deductible Endorsement does not apply or the deductions were not correctly applied, recovery is limited by any recovery Plaintiffs received or will receive through any federal or state programs that provide relief for businesses damaged by Superstorm Sandy.

### Tenth Affirmative Defense

Plaintiffs' Fourth Count (Negligent Writing of the Policy) fails because it is not a claim that is recognized under New York law.

### Eleventh Affirmative Defense

Plaintiffs' damages, if any, were caused in whole, or in part, by its own conduct, including, but not limited to, the conduct that resulted in the fine imposed by the New York Attorney General's Office and Hyundai's termination of its relationship with Plaintiffs, and not any conduct on the part of Defendants.

### Twelfth Affirmative Defense

MIC's alleged actions were motivated and justified by its own legitimate economic interest.

### Thirteenth Affirmative Defense

If damaged, Plaintiffs failed to make reasonable efforts to mitigate its damages.

### Fourteenth Affirmative Defense

Defendant hereby reserves and reasserts all affirmative defenses available under any applicable federal and/or state law.  Defendant reserves its right to assert additional affirmative defenses in the event that discovery indicates that such defenses would be appropriate.

### <u>PRAYER FOR RELIEF</u>

WHEREFORE, Defendant respectfully requests entry of judgment granting the following relief:

(a)     dismissing Plaintiffs' Amended Complaint with prejudice;

(b)     awarding the costs of defending this action, including attorney's fees, costs and disbursements;

(c)     granting such other and further relief as this Court may deem just and proper.

Dated: February 13, 2014

MAYER BROWN LLP

By:   /s/ G. Richard Dodge, Jr.
      G. Richard Dodge, Jr.
      1999 K Street, N.W.
      Washington, DC 20006
      (202) 263-3000

      Allison J. Zolot
      1675 Broadway
      New York, New York 10019
      (212) 506-2500
      *Attorneys for Defendant MIC*